IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,964-01






EX PARTE RICHARD WARREN PAIGE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-53570-01-D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 40 years' imprisonment. The Seventh Court of Appeals affirmed his conviction. Paige
v. State, 07-07-00190-CR (Tex. App. - Amarillo, 2009) pet. ref'd.)(not designated for publication). 

 Applicant alleges inter alia that his trial counsel was ineffective for failing to conduct an
adequate pre-trial investigation, for failing to file a motion for a change of venue, and for failing to
request a jury charge on self-defense. Also, Applicant alleges that counsel was ineffective for
instructing Applicant to destroy all evidence related to his case after his conviction. Finally,
Applicant alleges that the trial court's failure to charge the jury on self-defense deprived Applicant
of a fair and impartial trial.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve the fact issues. In the appropriate case, the trial court may rely on its personal
recollection. Id. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall file an
affidavit addressing the following: (1) whether counsel instructed Applicant to destroy evidence
related to his case after Applicant's conviction; (2) whether counsel interviewed State witness
Georgia Brown as part of his pre-trial investigation; (3) whether counsel requested that any forensic
evidence be subject to independent testing as part of his pre-trial investigation; (4) whether counsel
filed a motion for a change of venue in this case; and, (5) whether counsel requested that the trial
court charge the jury on self-defense. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether trial counsel conducted an
adequate pre-trial investigation. The trial court shall make findings of fact as to whether counsel filed
a motion for a change of venue. The trial court shall also make findings of fact as to whether counsel
instructed Applicant to destroy evidence related to his case after his conviction. The trial court shall
make findings of fact as to whether counsel requested that the trial court charge the jury on self-defense. Finally, the trial court shall also make findings of fact as to whether there was evidence
presented at trial which raised an issue as to self-defense. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 13, 2010

Do not publish